## HICKS v. MUTUAL LIFE INS. CO. OF NEW YORK.

### No. 3985.

Circuit Court of Appeals, Fourth Circuit.
April 15, 1936.

J. H. Bridgers, of Henderson, N. C. (Pittman, Bridgers & Hicks, of Henderson, N. C., on the brief), for appellant.

Lyn Bond, of Tarboro, N. C. (Frederick L. Allen, of New York City, and Gilliam & Bond, of Tarboro, N. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

On February 27, 1935, the insured brought suit under a disability provision of a life insurance policy to recover the sum of $6,150, which he claimed to be due by reason of total and permanent disability for bodily disease during the period of 10 years and 3 months prior to January 1, 1935. At the trial of the case, the District Court directed a verdict for the defendant upon the issues submitted to the jury. The court found, with respect to the merits of the controversy, that the insured had not been permanently and totally disabled as he claimed, and found in addition that the insured did not file due proof of such disability with the company; that the company did not waive the payment of premiums on the policy in 1924 and subsequent years; and that the suit instituted more than ten years after the company denied liability was barred by the state statute of limitations.

We have examined the evidence and are in accord with the conclusion of the District Judge that there was no substantial evidence of total and permanent disability to justify the submission of the issue on that point to the jury. On February 8, 1924, the insured suffered a stroke of sensory paralysis, and remained in bed for two weeks. After this attack he suffered from nervousness and from loss of sensation in his left arm and side, but he was able to get about. He had not engaged in any kind of work for five years before his sickness and he made no effort afterwards to secure employment or engage in any gainful occupation. He testified in a general way that he was physically unable to work, but described no symptoms indicative of such disability.

Lay witnesses spoke of his nervousness and of a physical condition less favorable after the attack, and medical witnesses described his symptoms from a professional standpoint, but there was lacking substantial basis for an inference of total and permanent disability; and this defect in the proof was emphasized by the failure of the insured to sue until 1935, although the company failed to make any disability payments after November, 1924, and denied all liability therefor in January, 1925. The insured had been engaged in farming up to 1913. Then he moved to town and operated his farm through tenants until 1919, when he sold it for $15,000. The policy was issued on November 7, 1921. At the time of his sickness in 1924, he was treated by physicians. He also secured the advice of lawyers as to his rights under the policy. Yet he did not sue until the expiration of ten years, and then only after he had noticed an advertisement of a person who was in the business of collecting insurance disability claims and undertook the case on a 40 per cent. contingent basis. In Lumbra v. United States, 290 U.S. 551, 560, 54 S.Ct. 272, 78 L.Ed. 492, the Supreme Court, holding that a directed verdict for the government on a war risk insurance policy should have been granted, pointed out that in the absence of clear and satisfactory evidence explaining, excusing, or justifying it, long delay before bringing suit is to be taken as strong evidence that total and permanent disability did not exist.

Affirmed.